UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jack Kimm, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-1966 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Martin Brannan, *et al.*, | ) | [Re: Motions at doc. 28, 39] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 28, defendants Martin Brannan, Samuel Verderman, Thomas Jones, Frank Haws, and La Paz County (collectively "County Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff Jack Kimm ("Kimm") responds at docket 36, and County Defendants reply at docket 38. At docket 39, Kimm filed a motion to amend the complaint, with the proposed amendment filed at docket 39-1. County Defendants oppose the request at docket 40. Kimm filed a reply at docket 45. The parties did not request oral argument on the motions, and the court finds that argument would not be of additional assistance.

## II. BACKGROUND

Kimm is a California resident. In this lawsuit he sued five individuals who reside in Arizona and La Paz County, Arizona. Kimm operates a hay brokerage business. His business advances funds to hay farmers in exchange for an interest in the crop to be produced. Once harvested, the hay is sold and the proceeds divided between Kimm and the hay farmers. According to the complaint, on November 4, 1997, Kimm first contracted with defendant Rayburn Evans to finance Evans's hay crop to be grown in La Paz County. Kimm alleges that his arrangement with Evans continued without incident until late summer of 2002 when Kimm learned that Evans was selling hay grown with Kimm's financial assistance to others. Kimm alleges that when he and Evans ceased to do business, Evans owed Kimm $385,589.80. Kimm sued Evans in La Paz County Superior Court.[1] Evans hired lawyer Steven Suskin, a former La Paz County Attorney, to defend him in Kimm's civil suit. According to Kimm's complaint Evans is a former La Paz County Sheriff.[2] Both Kimm and Evans gave deposition testimony in Kimm's civil suit against Evans.[3]

Kimm's complaint alleges that after Kimm filed the civil lawsuit former sheriff Evans contacted the La Paz County Sheriff's office on April 17, 2003, and claimed that Kimm had engaged in fraud and forgery. In particular, Kimm alleges that Evans claimed that the hay brokerage contracts for 1998, 1999, 2000, and 2001 were forged

---

[1] Complaint, doc. 1 at ¶¶ 14-26.

[2] *Id*. at ¶¶ 37, 46.

[3] *Id*. at ¶ 27.

by Kimm.[4] Detective Bagby of the Sheriff's office contacted Kimm who told the detective that the contracts were signed by Evans and that Evans owed Kimm money. Bagby discussed the matter with La Paz County Attorney Buckalew. Buckalew declined to prosecute Kimm.[5]

Thereafter, Evans and his attorney Suskin continued to pursue the matter with the subsequent La Paz County Attorney, Defendant Martin Brannan. Kimm alleges that Brannan did not conduct an investigation regarding the matter, but nonetheless filed a criminal indictment against him based solely on Kimm's deposition testimony in the civil trial. Kimm alleges that Brannan "elicited false testimony regarding the opinion of a handwriting expert"[6] and withheld exculpatory information, such as evidence of Kimm's prepayments to Evans for five growing seasons. Kimm's attorney filed a motion to disqualify the La Paz County Attorney's Office because of Evans's professional connections to the office. Brannan conceded that disqualification was appropriate, and the case was consequently dismissed without prejudice in June of 2008.

Kimm alleges that he subsequently tried to get the La Paz County Attorney's Office to press charges against Evans for false testimony and theft, but that Brannan would not conduct an investigation and did not bring charges against Evans.

In February of 2009, the new La Paz County Attorney, Defendant Samuel Verderman, and the La Paz County Chief Deputy Attorney, Defendant Thomas Jones,

---

[4]*Id.* at ¶¶ 28-30.

[5]*Id.* at ¶¶ 32-36.

[6]Doc. 1 at p. 7, ¶ 43.

3

resumed criminal proceedings against Kimm in regard to the matter with Evans. Kimm alleges they "presented false information" and "failed to present exculpatory evidence" to the grand jury.[7] He alleges that the only witness presented to the grand jury was investigator Frank Haws. The grand jury issued an indictment. Kimm again moved for disqualification of the La Paz County Attorney's Office, and his request was granted. Prosecution of the case was transferred to the Colorado River Indian Tribe. The case was eventually dismissed with prejudice on September 20, 2013, based in part on the prosecution's failure to present the case to the grand jury in a fair and impartial manner.

Kimm then filed this federal lawsuit. The basis of his complaint is that the various county employees wrongfully prosecuted him. Count One of the complaint asserts violations of Kimm's constitutional rights pursuant to 42 U.S.C. §§ 1981 and 1983 against all defendants. Specifically, Kimm alleges he was "deprived of privileges and immunities guaranteed to all citizens when he was subjected to law enforcement retaliatory conduct, malicious and selective prosecution and was criminally charged without probable cause."[8] He then asserts that he "was deprived of equal protection and due process in an attempt to chill his free speech . . . and exact revenge for filing the civil lawsuit against Rayburn Evans."[9] He also asserts that he "was investigated, prosecuted, harassed and subjected to improper abuse of power, without probable cause, and with malice."[10]

---

[7]Doc. 1 at p. 9, ¶ 59.

[8]Doc. 1 at p. 14, ¶ 89.

[9]Doc. 1 at p. 14, ¶ 90.

[10]Doc. 1 at p. 14, ¶ 91.

Count Two is directed at La Paz County, Martin Brannan, and Samuel Verderman.  In the text of Count Two, Kimm makes specific allegations directed solely at those three defendants based on their "unconstitutional policies, customs, and failure to train."  Specifically, it alleges that they "foster[ed] and encourag[ed] the practice of presenting false evidence to the grand jury, ignor[ed] exculpatory evidence and condon[ed] investigatory practices that violate the rights of those subjected to these investigations."[11]

Count Three is a 42 U.S.C. § 1983 claim based on due process under "the United States and Arizona State Constitutions" for the defendants' "malicious prosecution without probable cause."[12]  Count Four is labeled as a § 1983 claim based on equal protection, but the text indicates generally that it is also based on the First, Fourth, Fifth, and Fourteenth Amendment.[13]  Again, the allegation is that the defendants subjected him to unconstitutional malicious prosecution.  Count Five is another § 1983 claim based on conspiracy.

Count Six alleges that all defendants engaged in a pattern of unlawful activity constituting a violation of both federal and state law.  Specifically, Kimm alleges that defendants violated 18 U.S.C. § 1961 *et seq.* and A.R.S. § 13-2301 *et seq.*

Count Seven pleads a state claim for abuse of process against all defendants.  Count Eight pleads a state law claim for false arrest and imprisonment against all

---

[11]Doc. 1 at p. 15, ¶ 99.

[12]Doc. 1 at p. 16, ¶ 101.

[13]Doc. 1 at pp. 16-17.

5

defendants.  Count Nine is a state law defamation claim against all defendants.  Count Ten is a state law claim against all defendants for intentional infliction of emotional distress.  Count Eleven is a negligence claim directed at defendants La Paz County, Brannan, Verderman, Jones, and Haws.   Count Twelve is a *Monell* claim directed solely at La Paz County based on its failure to "adequately train, supervise, and discipline its employees."[14]

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[15]  To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[16]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[17]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[18]

---

[14]Doc. 1 at p. 22, ¶ 135.

[15]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[16]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[17]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[18]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[21] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[22] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[23]

## IV.  DISCUSSION

### A.  County Defendants' Motion to Dismiss

#### 1.  Defendant prosecutors Brannan, Verderman, and Jones

County Defendant's argue that all claims against defendant Brannan should be dismissed based upon the running of the statute of limitations because his involvement ended with the first dismissal in 2008 and this lawsuit was not filed until 2014. A § 1983 claim is subject to a two-year statute of limitation. "Under federal law, a claim accrues

---

[19]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20]*Id.*

[21]*Id.* (citing *Twombly*, 550 U.S. at 556).

[22]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[23]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

when the plaintiff knows or has reason to know of the injury which is the basis of the action."[24] The underlying basis for Kimm's claims against Brannan is malicious prosecution. An "essential element of a malicious prosecution claim is that the prior proceedings must have terminated in favor of the person against whom they were brought."[25] Kimm's claim for malicious prosecution therefore did not arise until the proceedings were terminated in his favor.[26] The 2008 dismissal was not terminated on the merits; that is, it was not necessarily based on the legitimacy of the prosecution, but rather, on the fact that the La Paz County Attorney's Office agreed to drop the prosecution without prejudice out of concerns of bias.[27] Thus, the earliest Kimm's claims for malicious prosecution could have arisen would have been in September of 2013, when the case was dismissed with prejudice. Kimm filed the lawsuit just under a year later. The court declines to dismiss the charges against Brannan based on the statute of limitations.

---

[24] *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

[25] *Moran v. Klatzke*, 682 P.2d 1156, 1157 (Ariz. Ct. App. 1984).

[26] *See, e.g., Peinado v. City & Cty. of San Francisco*, No. C-11-1799 EMC, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013) (discussing when the statute of limitations begins in a § 1983 malicious prosecution claim and noting that "the Ninth Circuit has recognized that malicious prosecution claims brought under § 1983 accrue upon favorable termination of the underlying criminal proceeding").

[27] *See* Restatement (Second) of Torts § 674 cmt. j (1977) (stating that favorable adjudication may be by judgment in favor of defendant after trial or upon demurrer or its equivalent and noting that withdrawal only constitutes a final favorable termination depending on why it is withdrawn); *See Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417-18 (2d Cir. 1999) (noting that favorable termination is when there has been a disposition of the case that would indicate the innocence of the accused).

County Defendants also argue that all charges against the prosecutors—Brannan, Verderman, and Jones—should be dismissed based on prosecutorial immunity. "A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'"[28] However, when a prosecutor is performing investigatory or administrative functions—that is, when he is essentially functioning as a police officer or detective—he is only granted qualified immunity. Thus, the type of immunity applied depends on "the nature of the function performed, not the identity of the actor who performed it."[29]

While there is no bright line for determining whether an activity is quasi-judicial in nature, absolute immunity clearly applies to a prosecutor's decision to initiate a prosecution. It also extends to any "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."[30] Preparation for judicial proceedings includes the prosecutor's evaluation of evidence or of a witness, "even if that judgment is harsh, unfair or clouded by personal animus."[31] That is, even allegations of a prosecutor's

---

[28]*Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

[29]*Forrester v. White,* 484 U.S. 219, 229 (1988).

[30]*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[31]*Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997).

9

improper motive do not nullify a prosecutor's absolute immunity.  Absolute immunity also extends to any claim that the prosecutor withheld exculpatory material.[32]

Here, while Kimm's complaint is difficult to follow and the various constitutional claims are conflated, it is clear that Kimm's federal claims (Counts One through Six) rest upon the County Defendants' decision to pursue criminal charges against him without adequate probable cause and their actions during their presentation to the grand jury.  As noted above, such decisions and actions, even if improperly motivated, are granted absolute immunity and cannot support a lawsuit.  Indeed, absolute immunity shields prosecutors from a malicious prosecution lawsuit under federal law.[33] While there is an allegation that the prosecutors failed to conduct an investigation before bringing charges, "that does not render the complained-of conduct 'investigatory' in nature."[34]  Moreover, absolute immunity extends to claims involving a prosecutor's failure to investigate.[35]  Kimm simply has not alleged enough factual details to support an argument that the prosecutors took actions that could be considered investigatory or administrative in nature.  It also extends to Count Two of Kimm's complaint to the extent that the count alleges that the prosecutors failed to adequately train and

---

[32]*Imbler,* 424 U.S. at 431-32 n.34.

[33]*Imbler*, 424 U.S. at 428.

[34]*Fiorito v. DiFiore*, No. 13-cv-2691, 2014 WL 4928979, at * 5 (S.D.N.Y. Oct. 2, 2014).

[35]*Broam*, 320 F.3d at 1029.

supervise employees involved in criminal investigations and prosecutions and encouraged unconstitutional practices.[36]

The County Defendants do not discuss immunity as it relates to the state law claims. However, Arizona also grants prosecutors "absolute immunity from liability for their actions in initiating prosecutions."[37] Arizona applies absolute immunity for decisions prosecutors make when presenting the state's evidence.[38] Moreover, under state law, absolute immunity applies even when the prosecutor has knowledge that the charge is baseless.[39]

The court concludes that some of Kimm's state law claims against the prosecutors also run into the immunity hurdle. Count Seven is a state claim for abuse of process based on Kimm's prosecution. Thus, absolute immunity prevents such claim from moving forward. For the same reason, absolute immunity prevents Kimm's state racketeering claim in Count Six and his state due process claim in Count Three from moving forward. Count Eight is a claim for false arrest and imprisonment. While the claim is brought against all Defendants, the specific allegations in Count Eight states that "La Paz County, through the sheriff's office and its deputies and detectives"

---

[36]*See Van de Kamp v. Goldstein,* 555 U.S. 335, 344-48 (2009) (concluding that supervising attorneys were entitled to absolute prosecutorial immunity in lawsuit alleging that they failed to adequately train or supervise attorneys' use of informants because such supervisory obligations were connected with the conduct of a trial).

[37]*Challenge, Inc. v. State*, 673 P.2d 944, 948 (Ariz. Ct. App. 1983); *see also State v. Superior Court*, 921 P.2d 697, 701 (Ariz. Ct. App. 1996).

[38]*State v. Superior Court*, 921 P.2d 697, 701 (Ariz. Ct. App. 1996) (quoting *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1203 (9th Cir. 1989)).

[39]*Id.*

arrested him without lawful authority.  The prosecutors are not alleged to have actually arrested Kimm or performed some police-like functions here; rather, presumably, based on the facts provided in the complaint, their role in such an arrest was limited to the decision to file criminal charges and, thus, as discussed above, they cannot be held liable for such actions.  The same is true of Count Ten, which is Kimm's claim for intentional infliction of emotional distress as a result of his unlawful detention and malicious prosecution.  Count Eleven is a claim for negligence against La Paz County and the individual prosecutors for negligent training and supervising of employees who handle criminal investigations and prosecutions.  Again, the individual prosecutors are absolutely immune from such a claim.[40]

Count Nine of the complaint raises a state claim for defamation against the prosecutors.  In that count, Kimm generally alleges that all the defendants "made or released statements to the public regarding [Kimm]" that were knowingly false and defamatory.[41]  A prosecutor who makes allegedly false statements to the media is entitled to qualified immunity and not absolute immunity under federal law.[42]  There is no reason to believe that Arizona courts would conclude differently.  County Defendants do not raise any other arguments as to why Count Nine otherwise fails to state a claim.

---

[40] *Van de Kamp,* 555 U.S. at 344-48.

[41] Doc. 1 at p. 19, ¶ 122.

[42] *Buckley*, 509 U.S. at 277-78.

### 2. Defendant Haws

County Defendants argue that prosecutorial or testimonial immunity should also apply to prevent the claims against Haws from proceeding because the only factual allegation against him relates to his role in the grand jury proceedings. As noted above, Kimm's federal claims are based on alleged constitutional violations stemming from the decision to prosecute him. The heart of the complaint is that the prosecutors based their decision to initiate criminal proceedings on Kimm's deposition testimony and Evans's account of the matter. The complaint contains no allegations of unconstitutional investigatory actions on Haws's part; indeed, the complaint is premised on the fact that no investigation even took place. Kimm emphasizes this failure to investigate in his response brief, stating that Haws "had a duty . . . to investigate the conduct Evans reported."[43] However, that is not how the claims are formulated in the complaint; Kimm does not bring a § 1983 due process claim against Haws based on his failure to investigate. Rather, a close reading of the complaint shows that the § 1983 due process claim (Count Four) is based on malicious prosecution only, as are all the other § 1983 claims. Kimm argues that officers do not receive absolute immunity for using coerced statements against a defendant during criminal proceedings, citing *Wilson v. Lawrence County*.[44] Here, however, there is no allegation that Haws coerced testimony and then used that testimony during grand jury proceedings. Indeed, the complaint alleges Haws did not conduct any investigation, and, moreover, it does not

---

[43]Doc. 36 at p. 14.

[44]260 F.3d 946, 954 n.6 (8th Cir. 2001).

13

even allege that Haws falsely testified or that Haws put forward false evidence. It merely states that Haws testified at the grand jury proceeding without having conducted an investigation or interviewed witnesses. The court agrees that testimonial immunity protects Haws from Kimm's claims of malicious prosecution because, based on the complaint as written, Haws's only role in the prosecution was his testimony to the grand jury.[45]

Again, County Defendants fail to address the state law claims against Haws. For the same reasons as noted above, however, testimonial immunity protects Haws from Kimm's claim for abuse of process in Count Seven, the state racketeering claim in Count Six, and the state due process claim in Count Three since those claims are based solely on the decision to prosecute and the only factual allegation involving Haws, and the only allegation linking him to the prosecution, is that he testified at the grand jury proceeding without conducting an investigation. Kimm, however, also brings a claim for false arrest, intentional infliction of emotional distress for the arrest, defamation, and negligence against Haws. County Defendants do not raise any other grounds for dismissal of such claim at this time. The basis for their motion to dismiss was limited to absolute immunity.

### 3. Defendant La Paz County

County Defendants argue that Kimm's claim against La Paz County must be dismissed because he failed to adequately plead a § 1983 claim against it. Under

---

[45]*Briscoe v. LaHue*, 460 U.S. 325, 342-45 (1983) (holding that witnesses are absolutely immune from suits under § 1983 for testimony given at trial even if testimony is alleged to be perjured); *Rehberg v. Paulk*, — U.S. —, 132 S.Ct. 1497 (2012) (holding that grand jury witnesses are entitled to the same immunity as a trial witness under § 1983 actions).

*Monell*, a local government entity is only liable under § 1983 for its own actions and not those of its employees.[46] Thus, a local government entity can only be liable under § 1983 if the alleged constitutional violation was caused by a policy, practice, or custom of the entity.[47] Under a *Monell* claim, a plaintiff must show "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."[48] The policy can be an expressly adopted formal policy or an action taken by the final policy maker for the local government entity, or it can be an informal policy shown through longstanding customs or practices.[49]

In Count Twelve, Kimm specifically pleads a *Monell* claim. He alleges that "[a]s a proximate result of La Paz County unconstitutional policies, practices, acts and omissions, [Kimm] was detained and then spent ten years fighting a prosecution that lacked probable cause."[50] In the next paragraph he alleges that the actions of the defendants "occurred as a direct result of a failure on the part of La Paz County to adequately train, supervise, and discipline its employees" and that this failure to train

---

[46]*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[47]*Id.* at 694; *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

[48]*Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted).

[49]*Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).

[50]Doc. 1 at p. 22, ¶ 134.

and supervise "constituted an official policy of La Paz County Attorney's Office."[51] That is all that is alleged regarding the county's policies and customs. There is no factual allegation about a formally adopted policy, or an allegation of a pattern of similar behavior on the part of prosecutors. Rather, the factual basis of the *Monell* claim rests on Kimm's prosecution alone and the assumption that because it happened to him, it must be a custom or policy. Such conclusory allegations are insufficient to adequately plead a claim under Rule 8 of the Federal Rules of Civil Procedure; the claim "lack[s] any factual allegations that would separate [it] from the 'formulaic recitation of a cause of action's element' deemed insufficient by *Twombly*."[52] Indeed, "it is not enough to state that there is a policy and the policy amounted to deliberate indifference to various constitutional rights of the [p]laintiffs; there must be facts showing the plausibility of those statements."[53] Kimm, therefore, has failed to plead a *Monell* claim that is plausible on its face.

La Paz County is a named defendant in all of the other counts as well. The County Defendants fail to address these other counts. As noted above, however, La Paz County cannot otherwise be liable under § 1983 for the actions of its employees

---

[51]Doc. 1 at p. 22, ¶ 135.

[52]*Dougherty*, 654 F.3d 982 (quoting *Twombly*, 550 U.S. at 555).

[53]*Herrera v. City of Sacramento*, No. 2:13-cv-00456, 2013 WL 3992497, at * 8 (E.D. Cal. Aug. 2, 2013).

and a government entity is not the proper defendant in a racketeering cause of action.[54] Thus, all of the federal claims against La Paz County must be dismissed.

The County Defendants have not provided an argument as to why the state claims against La Paz County must be dismissed. The court, however, found that the individual prosecutors and Haws are immune from suit in relation to Count Seven, as well as the state racketeering claim and state due process claim. Such a finding forecloses any potential *respondeat superior* theories against La Paz County as to such claims.

B.   **Kimm's Motion to Amend**

After County Defendants filed their motion to dismiss, Kimm filed a motion to amend the complaint. Under Rule 15(a), "[t]he court should freely give leave when justice so requires."[55] In deciding whether to grant leave to amend under Rule 15(a), courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[56] "Generally, this determination should be performed with all inferences in favor of granting the motion."[57] The party opposing

---

[54]*See Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (summarily rejecting the plaintiffs' RICO claims against the city defendant based on the fact that such government entities cannot have the necessary malicious intent needed to support a RICO claim (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991))).

[55]*Id.*

[56]*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

[57]*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (citing *DCD Programs,* 833 F.2d at 186).

17

amendment bears the burden of demonstrating a permissible reason for denying the motion to amend.[58]  Here, County Defendants do not assert that the proposed amendment creates undue delay, is offered in bad faith, or creates prejudice.  Kimm has not previously amended his complaint.  The primary argument provided in opposition to Kimm's proposed amendment is futility.

The proposed amended complaint does not add much in the way of substance or factual allegations to the original complaint.  Instead, it simply includes a few additional phrases here and there and separates out some state claims that were originally combined with the corresponding federal claim.  It remains, unfortunately, a poorly articulated and confusing complaint, with a jumble of headings and various attempts to formulate different ways to bring what is essentially a malicious prosecution claim.  Defendants Brannan, Verderman, and Jones and defendant Haws are still immune from the federal claims and the state claims as discussed above.  Kimm's proposed amendment continues to allege that the prosecutors "conducted no independent investigation," but thereafter adds a new allegation that they "acted as both the prosecutor and investigator of the matter."[59]  This addition does not change the analysis.  Absolute immunity applies to a prosecutor's failure to investigate.  There are no additional factual allegations about Brannan, or any of the other prosecutors, performing any investigatory functions here.  The claims against La Paz County have

---

[58]*DCD Programs,* 833 F.2d at 187; *see Richardson v. United States,* 841 F.2d 993, 999 (9th Cir.1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

[59]Doc. 39-1 at p. 6, ¶ 40.

also not been fixed. While the amendment adds allegations in the general fact section of the complaint about La Paz County's failure to provide proper training and supervision, the new language is still simply conclusory in nature and fails to provide factual content to support a plausible *Monell* claim. Thus, the proposed amendment fails to cure the deficiencies noted above.

County Defendants argue that the proposed amended complaint's substantive due process claims and state racketeering claim are inadequately pled and thus amendment would be futile. However, the court notes that the substantive due process claims, both federal and state, and the state racketeering claims are not actually newly added claims. The state and federal substantive due process claims were included together in Count Three and the state and federal racketeering claim were included together in Count Six. Kimm opted to separate them out in the proposed amended complaint. County Defendants did not argue in their motion to dismiss that the due process or racketeering claims were substantively inadequate, and the court declines to decide that here with the limited briefing provided by the parties.

While the proposed amendment does not cure the deficiencies noted above, it contains additions that could possibly be relevant with respect to defendant Evans or the remaining state claims. The proposed amendment's failure to preclude dismissal of claims against some of the defendants is no reason to deny it altogether.

### V.  CONCLUSION

For the reasons set out above, County Defendants' motion to dismiss at docket 28 is GRANTED IN PART AND DENIED IN PART. The federal claims against Brannan, Verderman, Jones, Haws, and La Paz County are dismissed. The state

claims for abuse of process, substantive due process, and racketeering against Brannan, Verderman, Jones, Haws, and La Paz County are dismissed.  The state claims for false arrest, intentional infliction of emotional distress, and negligence are dismissed as to Brannan, Verderman, and Jones, but survive at this time as to Haws and La Paz County.  The state claim for defamation survives.

Kimm's motion to amend at docket 39 is GRANTED.  However, the court notes that the amendment does not change the court's ruling as to the motion to dismiss.

DATED this 8th day of October 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE