UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Kimm, | |
|     Plaintiff, | 2:14-cv-1966 JWS |
| vs. | ORDER AND OPINION |
| Martin Brannan, *et al.*, | [Re:  Motions at Dockets 92, 97, 98, and 103] |
|     Defendants. | |

## I.  MOTIONS PRESENTED

Before the court are four related motions filed by plaintiff Jack Kimm ("Kimm"). First, at docket 92 Kimm moves for an extension of the February 6, 2017 fact discovery deadline to April 21, 2017, and the dispositive motions and motions *in limine* deadline from March 24, 2017 to June 23, 2017.  Defendants Martin Brannan ("Brannan"), Samuel Verderman ("Verderman"), Frank Haws ("Haws"), Thomas Jones ("Jones"), and La Paz County (collectively, "the La Paz Defendants") oppose the motion at docket 100.

The next two motions are motions to strike.  At docket 97 Kimm moves to strike defendant Rayburn Evans' ("Evans") objections at docket 88 to the deposition notice of Steven Suskin ("Suskin").  Evans opposes the motion at docket 104.  At docket 98 Kimm moves to strike Evans' objections at docket 89 to the deposition notice of John Churchill ("Churchill").  Evans opposes the motion at docket 105.  Kimm's combined reply in support of both of these motions is at docket 107.

Finally, at docket 103 Kimm moves to compel Suskin's and Churchill's depositions, supported at docket 109 by a declaration of counsel. Evans opposes the motion at docket 106. Kimm replies at docket 108, supported by a declaration of counsel at docket 110. At docket 111 Kimm filed a notice of errata with a corrected Exhibit 3 to his reply.

Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The background to this case set out in the court's order at docket 47 need not be repeated here. Suffice it to say for present purposes that the court's scheduling and planning order established a fact discovery deadline of October 7, 2016, and a dispositive motion and motion *in limine* deadline of March 24, 2017.[1] In October Kimm's counsel, Joy Bertrand ("Bertrand"), attempted to schedule the defendants' depositions for November or December.[2] Counsel for the La Paz Defendants responded by stating that Haws would be made available for a deposition in Phoenix and requesting that the remaining defendants' depositions take place in La Paz County.[3]

At docket 72 Kimm moved to extend the fact discovery deadline until February 6, 2017. Kimm stated that he had taken Evans' deposition but, due to scheduling issues, not the La Paz Defendants'.[4] Kimm estimated that the remaining depositions would be complete by the end of January. On December 12, 2016, the court granted the motion over Evans' objection.[5]

---

[1] Doc. 54 at 5, 7.

[2] Doc. 77-1 at 2–3.

[3] *Id.* at 1

[4] Doc. 72 at 2.

[5] Doc. 78.

On December 19 Bertrand emailed opposing counsel requesting dates for Suskin's and Churchill's depositions.[6] Suskin and Churchill represented Evans in the case that Kimm filed against Evans in state court,[7] and they currently represent Evans in this action. Churchill responded to Bertrand's email by stating that he preferred to have his deposition taken in Parker and instructed Bertrand to contact his staff to identify a suitable deposition date.[8] Suskin responded to Bertrand also, stating that he was available to be deposed on several dates in January.[9]

About one month before the discovery deadline, Bertrand emailed Michael Warzynski ("Warzynski"), the La Paz Defendants' counsel, requesting his availability for Suskin's and Churchill's depositions.[10] Warzynski's paralegal responded by stating that Warzynski was in trial from January 17 to February 13 and providing nine dates after the trial ended that Warzynski was available for depositions.[11] Bertrand then reached out to Suskin and Churchill on January 10 to see if they were available on the dates listed by Warzynski's paralegal.[12] Suskin and Churchill did not respond. On January 17 Bertrand emailed Warzynski to see if his trial went forward as scheduled and, if not, if they could schedule depositions.[13] Warzynski did not respond.

---

[6] Doc. 92-2 at 2.

[7] Doc. 48 at 6 ¶ 37; doc. 106 at 5.

[8] Doc. 92-2 at 3.

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 2.

[12] Doc. 92-3 at 3–4.

[13] Doc. 92-5 at 2.

In late January Kimm filed deposition notices for Suskin (February 8),[14] Haws (February 21),[15] and Churchill (March 3).[16] Bertrand emailed opposing counsel regarding Suskin's, Churchill's,[17] and Haws' depositions[18] on February 1. In her email Bertrand informed opposing counsel that she intended to notice the depositions of the remaining defendants (Brannan, Verderman, Jones, and La Paz County) for mid-March.[19] To date, Kimm has not noticed any of these depositions.

On February 2 Evans filed objections to Suskin's and Churchill's deposition notices, asserting that the depositions (1) were untimely because they were scheduled for after the discovery deadline; (2) seek documents and information protected from disclosure by the attorney-client privilege and work-product doctrines; (3) were not adequately noticed; and (4) would be burdensome, oppressive, and harassing to Evans, Suskin, and Churchill.[20] Warzynski responded to Bertrand's email by stating that he would have been inclined to arrange for Haws' deposition if Kimm had only requested that one deposition, but because Kimm now seemed "intent to attempt a discovery extravaganza after the close of discovery," Warzynski would object to the deposition notices for all La Paz Defendants.[21]

---

[14] Doc. 86.

[15] Doc. 85.

[16] Doc. 87.

[17] Doc. 92-4 at 6–7.

[18] *Id.* at 8.

[19] *Id.*

[20] Doc. 88, 89.

[21] Doc. 92-4 at 9–10.

## III.  STANDARDS OF REVIEW

Rule 6(b)(1)(A) provides that the district court may "for good cause" grant a request for an extension of time.  "[Rule 6(b)(1)], like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"[22]  The decision to grant or deny a Rule 6(b)(1) motion is committed to the district court's discretion.[23]

Local Rule of Civil Procedure ("Local Rule") 7.2(m) governs motions to strike.  It provides in pertinent part that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."[24]  The decision to grant or deny a motion to strike is within the court's discretion.[25]

If a party fails to make disclosures or cooperate in discovery, the requesting party may move to compel.[26]  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."[27]

---

[22]*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)).

[23]*Id.* at 1258.

[24]LRCiv 7.2(m)(1).

[25]*Spencer v. Stapler*, No. 04-1532 PHX SMM, 2006 WL 2052704, at *2 (D. Ariz. July 21, 2006).

[26]Fed. R. Civ. P. 37(a).

[27]*DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

## IV.  DISCUSSION

**A.     The Motion to Compel**

Evans testified at his deposition that Suskin referred Kimm to the La Paz County Attorney's Office for prosecution.[28]  The circumstances surrounding this referral are central to Kimm's complaint.[29]  Kimm seeks an order compelling Suskin's and Churchill's depositions.

Kimm's motion is a discovery motion to which Local Rule 7.2(j)[30] and Rule 37(a)(1)[31] apply.  The motion runs afoul of these rules because Bertrand did not attach to the motion a statement certifying that she personally consulted Evans' counsel and made sincere efforts to resolve their objections.  Based on this deficiency, the court may not consider the motion.[32]  Kimm's motion will be denied without prejudice.

The court notes that Evans raises nine arguments in opposition to Kimm's motion.  The court expects that most, if not all, of these objections will be resolved without court intervention after counsel confers with one another.  For example, the parties should be able to stipulate to extending the deadline for discovery motions considering that the conduct underlying Kimm's current motion occurred after the

---

[28]Doc. 103-1 at 3 p. 28:6–16.

[29]*See, e.g.*, doc. 48 at 13 ¶ 80 (alleging that Evans and others abused their power "by investigating, arresting and prosecuting Mr. Kimm without probable cause for improper, unlawful and selfish purposes.").

[30]LRCiv 7.2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.").

[31]Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

[32]*See Sandpiper Resorts Dev. Corp. v. Glob. Realty Investments, LLC*, No. 2:08-CV-01360 JWS, 2012 WL 2009965, at *1 (D. Ariz. June 5, 2012).

deadline,[33] and Evans cannot refuse to comply with a discovery request based on his opinion that Kimm's case should be dismissed.[34]  Finally, the court notes that although deposing opposing counsel is generally disfavored, this disfavor "is not a talisman for the resolution of all controversies of this nature."[35]  Once the parties confer regarding persuasive cases on this topic,[36] they may well be able to agree to allow the depositions to proceed.  Evans' abstract concern about the attorney-client privilege, by itself, is not sufficient to bar the depositions outright.[37]

**B.    The Motion for an Extension of Time**

Kimm seeks an extension of various deadlines in order to allow him to depose Haws, Suskin, Churchill, Brannan, Verderman, Jones, and La Paz County.  Because Kimm made this request before the applicable deadlines have passed, his request must satisfy the "non-rigorous" "good cause" standard.[38]  Under this standard, a request for an extension of time is normally "'granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"[39]

---

[33] *See Lizotte v. Praxair, Inc.*, No. C07-1868RSL, 2009 WL 159249, at *1 n.1 (W.D. Wash. Jan. 22, 2009) ("Plaintiff filed his motion on December 21, 2008, which was after the deadline for filing motions related to discovery.  However, the Court finds that plaintiff had good cause to file the motion after the deadline because the conduct underlying this motion occurred after the deadline.  For that reason, plaintiff could not have filed this motion sooner.").

[34] Doc. 106 at 6–7.

[35] *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003).

[36] *See, e.g., In re Allergan, Inc*, No. 14-cv-02004 DOC(KES), 2016 WL 5922717 (C.D. Cal. Sept. 23, 2016); *Textron Fin. Corp. v. Gallegos*, No. 15-cv-1678 LAB(DHB), 2016 WL 4169128 (S.D. Cal. Aug. 5, 2016); *ATS Prod., Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 529 (N.D. Cal. 2015).

[37] *See Gallegos*, 2016 WL 4169128 at *4.

[38] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

[39] *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)).

The La Paz Defendants oppose Kimm's request, arguing that Kimm was dilatory in requesting the depositions of Brannan, Verderman, Jones, and La Paz County five days before the fact discovery deadline.[40] The La Paz Defendants do not identify any prejudice they would suffer if the extension is granted, but they do argue that Kimm did not act in good faith by waiting until the last minute to request these four depositions. The court agrees. After informing the court in November that he expected to complete the depositions of Brannan, Verderman, Jones, and La Paz County by the end of January,[41] it appears that Kimm took no actions to accomplish this goal until five days before the February 6 fact discovery deadline. Kimm offers no good faith explanation for why he waited so long. He has not demonstrated good cause to again extend the discovery deadline to allow him to conduct these depositions.

The same cannot be said for the depositions of Haws, Suskin, and Churchill. Kimm requested those depositions long before the discovery cut-off. The court will grant Kimm's requested extensions of time with respect to these three depositions only.

**C.     The Motions to Strike**

Kimm moves to strike Evans' objections to Suskin's and Churchill's deposition notices on the ground that Evans failed to comply with Local Rule 7.2(j). Kimm's motions confuse a motion with an objection. Local Rule 7.2(j) applies only to discovery motions. It does not apply to Evans' objections. Kimm's motions to strike will be denied.

**V.  CONCLUSION**

For the reasons set forth above, the motion at docket 92 is granted in part and denied in part as follows: the fact discovery deadline is extended to April 21, 2017, solely for conducting the depositions of Haws, Suskin, and Churchill. No other

---

[40]Doc. 100 at 3.

[41]Doc. 72 at 2.

discovery may be conducted.  The dispositive motions and motions *in limine* deadline is extended to June 23, 2017.  The motions at dockets 97, 98, and 103 are denied.

DATED this 27th day of March 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT